UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

          Plaintiff,

    v.                                     23-CV-503-LJV
                                          ORDER

FEDERAL BUREAU OF
INVESTIGATION,

          Defendant.

_____

        The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Docket Item 1.[2]  Lettieri also filed an incomplete motion to proceed *in forma pauperis* ("IFP")—that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it.  Docket Item 2.

        On July 7, 2023, the Court administratively terminated this action because Lettieri failed to file a complete IFP motion or pay the required $350.00 filing fee and $52.00

---

[1] Lettieri filled out the form for filing a complaint under 42 U.S.C. § 1983, but he asserts claims against only a federal officer.  Docket Item 1.  So as the Court explained in its previous order, it construes Lettieri's complaint as asserting claims under *Bivens*.  Docket Item 13 at 1 n.1 (explaining that section 1983 "does not apply to allegedly unlawful acts of federal officers" and that *Bivens* is "the federal analog to suits brought against state officials under 42 U.S.C. § 1983" (alteration omitted) (first quoting *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007), then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009))).

[2] Unless otherwise noted, citations to docket items refer to Case No. 23-cv-503.

administrative fee,[3] Docket Item 3 ("the administrative closure order"), and judgment was entered in favor of the Federal Bureau of Investigation ("FBI"), Docket Item 4.  The Court ordered that if Lettieri wished to reopen the action, he was required to either file a complete IFP motion or pay the $402.00 filing and administrative fees.[4]  Docket Item 3.

On July 12, 2023, Lettieri filed a "motion to comply" asking this Court to order the arrest of an FBI agent.  Docket Item 6.  Several months later, he filed a renewed IFP motion ("second IFP motion"), Docket Item 8, which reopened this action.  Lettieri also filed a notice of appeal of the Court's administrative closure order denying his first IFP motion.  Docket Item 10.  This Court then stayed this action—as well as dozens of others filed by Lettieri—pending the disposition of Lettieri's appeals.[5]  *See In re Lettieri*, Case No. 23-mc-32, Docket 11 at 7, 9 (W.D.N.Y. Dec. 4, 2023) (staying cases).

---

[3] The fee to file a civil action is $350.00.  Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.  The fee later was increased to $52.00, and effective December 1, 2023, to $55.00.  *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneousfee-schedule.

[4] On August 14, 2023, the Court's administrative closure order was returned as undeliverable; on the same day, the Clerk of the Court mailed the order to Lettieri's new address, and that order was not returned as undeliverable.  *See* Docket Item 7; Docket Item 5 (Lettieri's notice of change of address).

[5] This Court "stayed" those cases in which Lettieri had filed a notice of appeal "pending the Second Circuit's resolution of the relevant appeals" as "a tool of docket management to avoid piecemeal resolution of Lettieri's cases and motions and to minimize the time court personnel spends addressing Lettieri's filings."  *See In re Lettieri*, Case No. 23-mc-32, Docket 11 at 7 (W.D.N.Y. Dec. 4, 2023) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

After the Second Circuit directed this Court to rule on Lettieri's second IFP motion, Docket Item 12, the Court denied that motion, finding that Lettieri was barred from proceeding IFP under the "three strikes rule" of 28 U.S.C. § 1915(g). Docket Item 13. The Court ordered that if Lettieri wished to pursue this action, he was required to pay the $405.00 filing and administrative fees within 30 days of the date of that order. *Id.* at 5 (bold omitted).

Instead of paying those fees, Lettieri moved to renew the first IFP motion, Docket Item 14, and for reconsideration of the Court's order denying the second IFP motion, Docket Item 15. The Court construes both as motions for reconsideration of the Court's denials of Lettieri's first and second IFP motions.

The Court now lifts the stay of this action for the purpose of addressing Lettieri's pending motions.[6] For the reasons that follow, Lettieri's motion to comply, Docket Item 6; and his motions for reconsideration, Docket Items 14 and 15, are denied.

---

[6] As already noted, Lettieri filed an appeal of the Court's administrative closure order, Docket Item 10, which remains pending before the Second Circuit, *see Lettieri v. FBI*, Case No. 23-7963 (2d Cir. December 4, 2023). But "the pendency of an appeal does not divest a district court of jurisdiction over [a] motion for reconsideration." *Allah v. Adams*, 573 F. Supp. 3d 904, 907 n.1 (W.D.N.Y. 2021). And in any case, under Federal Rule of Civil Procedure 62.1,

> [i]f a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Court therefore addresses Lettieri's pending motions.

**DISCUSSION**

I.  **MOTION TO COMPLY**

Lettieri's "motion to comply" asks this Court to "order" the "arrest" of Randall E. Garver, an FBI agent involved in Lettieri's criminal prosecution.[7]  Docket Item 6 at 1.  More specifically, Lettieri says that Garver "destroy[ed phone] records" that would have "cleared" Lettieri of the criminal charges against him.[8]  *Id.*  And he says that Garver should be "arrest[ed]" for doing so.  *Id.*  But Lettieri has no standing to bring claims based on the government's failure to arrest other individuals.  *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).  Lettieri's "motion to comply," Docket Item 6, therefore is denied.

II.  **MOTIONS FOR RECONSIDERATION**

Lettieri also moves this Court to reconsider its denials of his first and second IFP motions.  Docket Items 14 and 15.

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving

---

[7] Lettieri was convicted by a jury of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b).  *United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146 and 150 (W.D.N.Y. June 14, 2023).  The Court takes judicial notice of the proceedings in Lettieri's criminal case to establish the factual background for his claims here.  *See, e.g.*, *Johnson v. Pugh*, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("tak[ing] judicial notice of plaintiff's guilty plea, conviction, and sentencing").

[8] According to the complaint, Garver confessed his actions to Lettieri on May 16, 2023.  Docket Item 6 at 1.

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Lettieri has provided no such reasons justifying reconsideration here.  With respect to the denial of his first IFP motion, Lettieri argues that this Court erred because in another of his cases, *Lettieri v. Vilardo*, Case No. 23-cv-6704 (W.D.N.Y. Aug. 29, 2023), Chief Judge Wolford granted Lettieri's IFP motion even though he had not submitted an authorization form.  Docket Item 14 at 1.  But Judge Wolford did no such thing.  While she did indeed grant Lettieri's IFP motion in that case, *Vilardo*, Case No. 23-cv-6704, Docket Item 8 at 1-2 (W.D.N.Y. Jan 16, 2024), the motion was complete: Lettieri had submitted the required authorization, *id.*; *see also id.*, Docket Item 2 at 6 (W.D.N.Y. Aug. 29, 2023).  And in any case, as this Court already has explained to Lettieri, a signed authorization form is required to proceed IFP under the Prison Litigation Reform Act of 1995.  *See* Docket Item 3 at 4 (citing 28 U.S.C. § 1915(b)(1)-(4)); *see also id.* at 2.  So the Court denies Lettieri's motion for reconsideration of the denial of his first IFP motion.

Lettieri's arguments in support of his motion to reconsider the denial of his second IFP motion are just as meritless.  Lettieri says that the Court erred because he

5

had no "strikes" under 28 U.S.C. § 1915(g) when he commenced this action in June 2023. Docket Item 15 at 1. It is true that Lettieri had no such "strikes" when he initially filed this case in June of last year. But as the Court explained in its previous order, although Lettieri filed this case in June 2023, the case was administratively closed and reopened only upon Lettieri's filing of a renewed IFP motion. Docket Item 13 at 4 n.4. And Lettieri clearly had accumulated three strikes by the time the case was reopened, even if the Court assumes that the motion was filed when it was signed on November 10, 2023. *Id.*; *see also id.* at 4 (listing Lettieri's strikes). So Lettieri's second motion for reconsideration also is denied.[9]

## **CONCLUSION**

Letteri's motions to comply, Docket Item 6, and for reconsideration, Docket Items 14 and 15, are DENIED. If Lettieri wants to pursue this action, he must pay the $405.00 filing and administrative fees **within 30 days of the date of this order**. If Lettieri does not do so, the Court will determine whether this case may proceed based on the outcome of his appeals.

This Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further

---

[9] Lettieri argues that *Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007), shows that this Court erred in finding that Lettieri was barred from proceeding IFP under the three strikes provision. Docket Item 15 at 1-2. But as Lettieri seems to acknowledge, *see id.*, that case addressed "whether an interlocutory appeal brought by a *pro se* litigant prior to the entry of a final judgment below is 'frivolous' . . . under . . . the 'three strikes' rule," *Tafari*, 473 F.3d at 441 (citation omitted). Lettieri does not explain the relevance of that holding to this case, Docket Item 15 at 1-2, and it appears to be wholly inapposite.

requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 11, 2024
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE